UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCENT MCFADDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-595 (JCH) |
| ) | |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

The matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. No. 1), filed March 26, 2007. Respondent has filed a response.

On December 16, 2004, Petitioner was convicted after a jury trial in the Circuit Court of St. Louis County, Missouri of assault in the first degree, armed criminal action, assault in the first degree, armed criminal action, and unlawful use of a weapon. (Resp., Doc. No. 7 at Ex. B pp. 86-87). On February 4, 2005, Petitioner was sentenced to fifteen years imprisonment on Count I, thirty years imprisonment on Count II, ten years imprisonment on Counts III and IV, and four years imprisonment on Count V. (Id. at pp. 88-89).

On February 10, 2005, Petitioner appealed his conviction to the Missouri Court of Appeals, Eastern District. (Id. at p. 93). On March 7, 2006, the Court of Appeals affirmed his conviction. (Id. at Ex. E). On October 12, 2006, Petitioner filed his pro se Rule 29.15 motion for post-conviction relief in the Circuit Court of St. Louis County, Missouri. (Id. at Ex. F p. 4). This motion was dismissed on February 8, 2007. (Id. at p. 40). Petitioner filed his appeal to the motion court's ruling

1

on March 12, 2007. (Id. at p. 59). According to the information before the Court, this motion is still pending. (Id. at Ex. G).

In the instant petition, Petitioner raises the following claims:

    (1)    he received ineffective assistance of counsel because of his counsel's failure to investigate the case;

    (2)    he received ineffective assistance of counsel because of his counsel's failure to adequately cross-examine the State's expert witness;

    (3)    he received ineffective assistance of counsel because of his counsel's failure to request a continuance;

    (4)    he received ineffective assistance of counsel because of his counsel's failure to object to the prosecutor's use of peremptory strikes on black members of the voir dire panel;

    (5)    he received ineffective assistance of counsel because of his counsel's failure to object and take other curative measures when the state introduced improper evidence.

(Pet., Doc. No. 1 at pp. 3-5).

Upon consideration of the foregoing, the Court notes that all of Petitioner's claims are unexhausted. A petitioner must exhaust his state law remedies before the federal court can address his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile remedies by which he could present his claims to the state court. Id. Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

In the instant case, Petitioner has properly pursued his claims of ineffective assistance of trial counsel through a Rule 29.15 motion for post-conviction relief and by filing an appeal. Petitioner, however, has failed to wait for a decision on his appeal. Thus, his claims are unexhausted and cannot

be addressed by this Court.  Smittie, 843 F.2d at 296-97; see also Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995) ("A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim") (citing 28 U.S.C. §2254(b)), cert. denied, 516 U.S. 728, 116 S.Ct. 728 (1996); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir.), cert. denied, 512 U.S. 1241, 114 S.Ct. 2753 (1994).

Because Petitioner presents the Court with only unexhausted claims, his petition must be dismissed without prejudice so that he may return to state court and exhaust his remedies.  Rose, 455 U.S. at 522.

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice.  An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of March, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE